**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BUZZFEED, INC.,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-cv-02567-BAH |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY

Plaintiffs Jason Leopold and BuzzFeed, Inc. respectfully submit this opposition to Defendant Federal Bureau of Investigation's motion for a stay due to a lapse in appropriations.

### BACKGROUND

This is a Freedom of Information Act case seeking records from Defendant relating to its investigation of then-Supreme Court nominee Brett Kavanaugh. This case was originally filed on November 7, 2018. *See* Dkt. No. 1. On December 7, 2018, Plaintiffs filed an Amended Complaint. *See* Dkt. No. 6 ("FAC"). On December 20, 2018, Plaintiffs agreed to a request by Defendant for an extension of time to answer the Amended Complaint, extending the deadline from January 2, 2019 to January 16, 2019. *See* Dkt. No. 10.

Defendant now seeks a stay in light of a lack of appropriations from Congress. *See* Dkt. No. 11. As Defendant explains in the present motion, under 31 U.S.C. § 1342, "[a]n officer or employee of the United States Government . . . may not accept voluntary services . . . or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." *Id.* at 1. On that basis, Defendant asserts that a stay should be entered in this case. *Id.*

**ARGUMENT**

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  The party seeking a stay bears the burden to demonstrate that a stay is warranted.  *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).  An invocation of 31 U.S.C. § 1342 is not enough to warrant a stay.  *See, e.g.*, *United States v. U.S. Airways Grp., Inc.*, 979 F.Supp.2d 33, 34-35 (D.D.C. 2013) (declining stay despite invocation of 31 U.S.C. § 1342 in part because time was of the essence); *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 18-cv-02785 (E.D. Cal. Jan. 4, 2019) (declining stay despite invocation of 31 U.S.C. § 1342 because of irreparable harm) (annexed hereto as Ex. A).  Rather, when presented with such a request, a court must "weigh competing interests and maintain an even balance."  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citation omitted).

Plaintiffs respectfully submit that the interests here weigh in favor of denying Defendant's motion.  Plaintiffs recognize that district courts have recently issued stays in response to motions by the Federal Government premised on a lack of appropriations.  Nevertheless, multiple courts have declined to issue such stays.  *See, e.g.*, *Mashpee Wampanoag Tribe v. Zinke, et al.*, No. 18-cv-02242 (D.D.C. Jan. 2, 2019) (minute order denying unopposed motion to stay pursuant to 31 U.S.C. § 1342 and instead granting an extension of the deadline to respond to complaint); *Twitter, Inc. v. Whitaker, et al.*, No. 14-cv-04480 (N.D. Cal. Jan. 2, 2019) (granting in part and denying in part request for stay pursuant to 31 U.S.C. § 1342 where issues before court were "of the utmost significance and must not be hindered" (citing *U.S. Airways Grp., Inc.*, 979 F.Supp.2d at 34)) (annexed hereto as Ex. B); *United States v. Baltimore Police Dep't*, No. 17-cv-00099 (D. Md. Dec. 26, 2018) ("This

financial matter is a dispute internal to one party, the Federal Government. . . . [The Federal Government is] required to find the means by which to continue their participation in this litigation on a timely basis regardless of their client's internal issues.") (annexed hereto as Ex. C); *In re Petition for a General Order Holding Civil Matters in Abeyance in Which the United States is a Party Due to Lapse of Congressional Appropriations Funding the Department of Justice and the United States Attorney's Office*, No. 18-mc-00196 (S.D.W. Va. Jan. 2, 2019) (same) (annexed hereto as Ex. D); *see also Pohl v. U.S. Dep't of Health and Human Serv., et al.*, No. 13-cv-0930 (W.D. Pa. Oct. 16, 2013) (denying motion for a stay in FOIA action despite a lapse of appropriations in light of "lengthy, detailed, and extremely fruitful labors") (annexed hereto as Ex. E).

This is one such case that should not be stayed.  This lawsuit, pursuant to the Freedom of Information Act, concerns four requests filed from October 4 through October 6, 2018 that are of the utmost importance to the public and have already been delayed in their processing.  Specifically, the requests relate to documents stemming from an investigation conducted by Defendant into alleged past misconduct by then-Supreme Court nominee Brett Kavanaugh.  Recognizing the extraordinary public interest in these records, Defendant granted expedited processing for each request.  *See* FAC, Exs. C, G, K, O; *accord In re: Complaints under the Judicial Conduct and Disability Act*, Nos. 10-18-90038-67, 10-18-90069-107, 10-18-90109-22, at 6 n.5 (10th Cir. 2018) (recognizing "the significant public interest" in complaints made against Justice Kavanaugh pursuant to the Judicial Conduct and Disability Act).  Expedited processing generally requires processing be completed within the time limits applicable to FOIA's default requirement that determinations be made within twenty working days or earlier.[1]  *See, e.g.*,

---

[1] Defendant also purported to extend its time to process the requests pursuant to "unusual circumstances."  FAC, Exs. D, H, L, P.  But once an agency grants expedited processing, it may

*E.P.I.C. v. Dep't of Justice*, 416 F.Supp.2d 30, 39 (D.D.C. 2006) ("[T]he court concludes that an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request 'as soon as practicable.'").  Nevertheless, sixty-three working days have elapsed since Plaintiffs made their first request.

      Plaintiffs are cognizant of the strains under which the Federal Government is currently operating and do not lightly oppose Defendant's motion.  Nevertheless, Plaintiffs are also committed to challenging violations of FOIA that frustrate the ability of citizens to monitor their government.  As Justice Kennedy, writing for the Supreme Court explained, "FOIA is often explained as a means for citizens to know what their Government is up to.  This phrase should not be dismissed as a convenient formalism.  *It defines a structural necessity in a real democracy.*"  *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-72 (2004) (emphasis added).  In light of the importance of FOIA to our democracy, the importance of these records specifically, Defendant's grant of expedited processing, and the unknown length of the requested stay, Plaintiffs respectfully oppose Defendant's motion.

---

not also extend its time pursuant to "unusual circumstances."  *See* 5 U.S.C. § 552(a)(6)(B) (limiting extensions of time pursuant to "unusual circumstances" to requests governed by "the time limits prescribed in either clause (i) or clause (ii) of subparagraph (A)," *i.e.*, requests subject to the normal processing time limits).

**CONCLUSION**

For all these reasons, Plaintiffs respectfully request that the Court deny Defendant's motion and order Defendant to respond to the Amended Complaint by January 16.

DATED: January 7, 2019

                              Respectfully Submitted,

                              /s/ Matthew L. Schafer

                              Attorney for Plaintiffs

                              Matthew Schafer (D.C. Bar 1008728)
                              BUZZFEED, INC.
                              111 East 18th Street, 14th Floor
                              New York, NY 10003
                              Tel.: (646) 798-0693
                              Fax: (212) 431-7461
                              Matthew.Schafer@BuzzFeed.com