IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD,<br><br>BUZZFEED, INC.,<br><br>        *Plaintiffs*,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>        *Defendant*. | Civil Action No.  1:18-cv-2567-BAH |

## JOINT STATUS REPORT

Pursuant to Section 3(b)(ii) of this Court's Standing Order, ECF No. 3, Jason Leopold and BuzzFeed, Inc. (collectively, "Plaintiffs") and the Federal Bureau of Investigation ("Defendant") respectfully submit the following joint status report.

1. Counsel for Plaintiffs and Defendant have conferred by telephone and e-mail. Because they have been unable to reach an agreement on a proposed schedule at this time, the parties submit below their respective statements.

## DEFENDANT'S STATEMENT

2. This case concerns four requests submitted to Defendant in October 2018 pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The requests seek certain records related to the FBI's investigation into allegations against Supreme Court nominee Brett Kavanaugh. Defendant granted expedited processing of each request but also notified Plaintiffs of "unusual circumstances" that "will delay [Defendant's] ability to make a determination on [the] request[s]." ECF Nos. 6-4, 6-8, 6-12, 6-16.

3. Defendant has not yet made a final determination with respect to the four FOIA

requests identified in Plaintiffs' Amended Complaint. Defendant has initiated searches with respect to all four requests, and those searches are ongoing. Because the searches are not yet completed, Defendant is not able at this time to estimate with any degree of certainty what the total volume or scope of potentially responsive records will be—information that is critical to assessing when Defendant will be able to complete processing all responsive records and producing all responsive, non-exempt records to Plaintiffs. Defendant will instead be in a position to make such an estimate after the searches are completed and it knows the volume of potentially responsive records that need to be reviewed and processed. Likewise, it is premature at this time to set a briefing schedule for summary judgment, when it is unclear when production will be completed and whether Plaintiffs will challenge Defendant's responses to their FOIA requests. Defendant proposes that the parties file a joint status report by March 15, 2019, at which time Defendant anticipates that it will be able to provide a date for when the searches will be completed as well as further information as to the status of the searches.

4. Plaintiffs' proposed schedule, set forth below, is unrealistic given the current lack of certainty as to when document production will be completed. For instance, Plaintiffs propose a March 15, 2019 deadline for Defendant to identify all responsive records, but they do not include any dates thereafter for Defendant to produce any records or for Plaintiffs to respond to the production. Thus Plaintiffs' proposal leaves no time for Defendant to process any potentially responsive records and to produce all responsive, non-exempt records, and for Plaintiffs to review the production and determine whether they are challenging anything, before Defendant must move for summary judgment a mere month later. Defendant's proposal to submit a joint status report by March 15, 2019, updating the Court on the status of the searches and potentially proposing a schedule at that time, makes more sense than ordering the unrealistic schedule that Plaintiffs

propose and modifying it later.

**PLAINTIFFS' STATEMENT**

5. In early October 2018, Plaintiffs made four requests for records relating to serious allegations involving sexual assault leveled against then-Supreme Court Nominee Brett Kavanaugh. On October 11, 2018, recognizing an "urgency to inform the public about an actual or alleged federal government activity," Defendant granted Plaintiffs' requests for expedited processing for each of the four requests.[1] *See* ECF Nos. 6-3, 6-7, 6-11, 6-15. Despite that grant, which creates a statutory obligation for an agency to "process [the requests] as soon as practicable," *see* 5 U.S.C. § 552(a)(6)(E)(iii), Defendant only began searches for responsive documents sometime in late 2018 (when exactly it does not say) and only just initiated new searches on February 5, 2019 (for what exactly it does not say)—nearly four months after it granted expedited processing. It is thus unsurprising that Defendant is unable to, consistent with this Court's Standing Order, provide "an estimate . . . of when the agency expects a final determination to be made." *See* ECF No. 3, Rule 3(b)(ii).

6. Nevertheless, and consistent with this Court's Standing Order, which requires the parties to include "a proposed schedule for the filing of dispositive motions" in this Joint Status Report, *see id.*, Plaintiffs respectfully submit that Defendant should expeditiously identify responsive records by March 15, 2019 and, to the extent Defendant determines that it will withhold any such records as exempt, Plaintiffs respectfully request that the Court adopt the following briefing schedule:

---

[1] While Defendant also purported to extend its processing time pursuant to "unusual circumstances," once an agency grants expedited processing, it may not also extend processing time. *See* ECF No. 12 at 3 n.1.

| | |
|---|---|
| **April 15, 2019:** | Defendant's Motion for Summary Judgment |
| **May 15, 2019:** | Plaintiffs' Opposition and Cross-Motion for Summary Judgment |
| **June 14, 2019**: | Defendant's Reply in support of its Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment |
| **June 28, 2019:** | Plaintiffs' Reply in support of their Cross-Motion for Summary Judgment |

7. Should that schedule prove impracticable in light of the scope of the responsive records identified by Defendant, Plaintiffs are willing to submit a subsequent Joint Status Report with a modified briefing schedule.

Dated: February 13, 2019                Respectfully submitted,


/s/ Matthew L. Schafer
MATTHEW L. SCHAFER (D.C. Bar 1008728)
BUZZFEED, INC.
111 East 18th Street, 14th Floor
New York, NY 10003
Tel.: (646) 798-0693
Fax: (212) 431-7461
Matthew.Schafer@BuzzFeed.com

*Counsel for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cristen C. Handley*
CRISTEN C. HANDLEY (MO Bar 69114)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street NW

- 5 -

        Washington, DC 20005
        Tel: (202) 305-2677
        Fax: (202) 616-8460

*Counsel for Defendant*